IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 06CV-603-WDS |
| ) | |
| PRICE WATERHOUSE LONG TERM ) | |
| DISABILITY PLAN, CONNECTICUT ) | |
| GENERAL LIFE INSURANCE, and ) | |
| PRICEWATERHOUSECOOPERS LLP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant PricewaterhouseCoopers LLP's motion to dismiss (Doc. 37) plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant seeks, in the alternative, for dismissal on the grounds: that plaintiff lacks standing to sue defendant under the Employment Retirement Income Security Act ("ERISA"); that defendant is not a proper defendant in the matter; and, that plaintiff failed to exhaust all of the necessary administrative remedies. Plaintiff has filed a response (Doc. 39), and defendant a reply (Doc. 41). Jurisdiction in this Court is proper pursuant to 29 U.S.C. §§1132(e)(1) and 1132(f) as well as 28 U.S.C. §1331.

## BACKGROUND

Plaintiff, a resident of Maryville, Illinois, was employed as a Senior Accounting Consultant for defendant from 1989 to December 1993. At the end of 1993, plaintiff was forced to cease working for defendant when he developed symptoms of the Human Immunodeficiency Virus ("HIV"). These symptoms included: "extreme fatigue, lower extremity neuropathy,

decreased sensation in fingers, bilateral manual dexterity limitations, and other opportunistic infections including condylomata, mysitis and allergic rhinitis." (Doc. 25).

Plaintiff then made a claim for benefits under defendant's Long Term Disability Plan (the "Plan"). The Plan was underwritten by the Connecticut General Life Insurance Company, under policy No. 0303220. Upon demonstrating that he was eligible for the Plan's benefits by submitting various medical records and reports to the Plan, it was determined that plaintiff was entitled to benefits of $2,550 per month. The payment of these benefits commenced in June 1994. At the same time, the Plan's portion of payment was reduced by $1,161.00 per month, an amount to be paid by Social Security disability. (Doc. 25).

From June 1994 to January 2006, the Plan paid plaintiff in full the $1,389.00 per month owed to him pursuant to the Plan's terms. Plaintiff claims that on January 5, 2006, the Plan ceased making payments to him. In addition, on August 1, 2006, he was terminated as an employee and thus lost all benefit related to his employment with the defendant. Plaintiff also claims that after his termination he submitted to CIGNA multiple records and reports objectively indicating his inability to work. (Doc. 25). Notwithstanding these submissions, CIGNA and defendant did not reinstate his benefits or his employment.

## ANALYSIS

**Standard of Review**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint; the Court is not to decide the merits of the plaintiff's claim.. *Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims."). In reviewing a motion to dismiss, the Court is to construe the facts in the light most favorable to the plaintiff, and the facts in the plaintiff's complaint are to be taken as true. *Triad Assoc.*, 892 F.2d at 586 (citing *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir. 1986)). A motion to dismiss "can be granted *only* if it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Graehling v. Villiage of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995) ("[S]uit should not be dismissed if it is possible to hypothesize facts…that would make out a claim.")

     A. <u>Defendant's Claim that Plaintiff Lacks Standing to Sue Defendant Under ERISA</u>

Defendant first claims that plaintiff's action must be dismissed, because plaintiff lacks standing to sue under ERISA. (Doc. 38-1). Defendant argues that plaintiff is not a "participant" under ERISA, as he is a "former employee with no reasonable expectation of returning to his former position." (Doc. 38-1); *see also* 29 U.S.C. §1002(7) (defining "participant" as "any employee or former employee… who is or may become eligible to receive a benefit of any type from an employee benefit plan…"). Defendant claims that plaintiff fails to qualify as a "participant," and therefore lacks standing to sue under ERISA.

In *Firestone Tire & Rubber Co. v. Bruch*, the Supreme Court considered the definition of "participant" in the ERISA context. 489 U.S. 101 (1989). The *Firestone* Court concluded: "[i]n order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, *or* that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117-18 (emphasis added). Construing the facts in the light most favorable to plaintiff as well as judging the sufficiency of the complaint,

3

there is no indication that plaintiff would fail to fulfill either of these requirements.

First, at the time of the pleading, there is no indication that plaintiff *will not* prevail in a suit for benefits. In *Kamler v. H/N Telecom. Servs.*, the court held that, in order to satisfy the first requirement in *Firestone*, "a plaintiff need have only a nonfrivolous claim for the benefit in question." 305 F.3d 672, 678 (7th Cir. 2002). In this case, the Court cannot conclude that plaintiff's claim is frivolous: simply put, plaintiff has stated a cause of action, seeks to recover damages for benefits owed as a part of his employment at defendant, and has put the defendant on proper notice of the nature of his claims. The federal rules of notice pleading require nothing more. *See, Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *See also, Beanstalk Group, Inc. v. AM Gen. Corp.,* 283 F.3d 856, 863 (7th Cir. 2002). "All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim.... The courts keep reminding plaintiffs that they don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999).

Additionally, contrary to defendant's argument, it is uncertain from the pleading that plaintiff has "no reasonable expectation" that his eligibility requirements will be fulfilled in the future. It is simply not clear, at this stage of the proceedings, what the conditions of plaintiff's employment may be in the future, including whether he will return to work and the extent to which his health condition is deteriorating. All of these are issues of fact, not pleading issues. In other words, at this point in the action, the Court cannot say that it appears beyond a doubt that plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."

*See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, Plaintiff has standing to sue under ERISA for purposes of the defendant's motion to dismiss.

      B. <u>Defendant's Claim That Defendant Is Not A Proper Defendant to Sue In This Action</u>

      Secondly, defendant claims that it is not a proper defendant for plaintiff to sue under ERISA. Defendant argues that—consistent with Seventh Circuit precedent—ERISA permits recovery "only against the Plan as an entity." *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir. 1996) (quoting *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985)). Plaintiff, however, draws the court's attention to "certain narrow exceptions to this general rule" in which a claimant *may* recover against the non-Plan entity. *See Berg v. BCS Fin. Corp.*, 372 F. Supp.2d 1080 (N.D. Ill. 2005). These exceptions include: where a non-plan entity is "closely intertwined" with the plan; where the Plan's administrator is the employer itself; where the ERISA claimant cannot identify the Plan entity; or where the plan cannot provide full relief. *Id.* at 1090 (internal citations omitted).

      Plaintiff' complaint does suggest that Defendant is "intertwined" into the administration of the Plan. For instance, the complaint avers that defendant "refused to reinstate" his benefits and employment status; this at least gives a reasonable indicia that defendant had some control over the Plan. (Doc. 25, ¶¶ 13-14). Furthermore, the exact relationship between defendant and the Plan is a factual one. As a result, the lack of clarity in this relationship is best resolved later in the proceeding either on a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(c), or by the trier of fact. *See, e.g., Riordan v. Commonwealth Edison Co.*, 128 F.3d 349 (7th Cir. 1997) (declining to hold employer as wrong ERISA party on a Motion for Summary Judgment, as "the exact relationship between ComEd and the plan is not clearly set out.").

It is possible that plaintiff can establish a set of facts under which defendant's relationship to the Plan might fall under one of these narrow exceptions, Defendant remains a proper defendant in this action, at least for the purpose of this Motion. *Graehling*, 58 F.3d at 297 (7th Cir. 1995).

      C.      Defendant's Claim that Plaintiff Failed to Exhaust Proper Administrative Remedies

Finally, Defendant claims that Plaintiff did not exhaust requisite administrative remedies prior to commencing this action in federal court. As defendant points out, Seventh Circuit precedent dictates that a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g., Dougherty v. Ind. Bell Tel. Co.*, 404 F. 3d 910 (7th Cir. 2006). Notwithstanding, plaintiff's complaint clearly avers that he exhausted the administrative remedies available to him. *See* Doc. 25 at ¶2 ("The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has undergone an appeal of the denial of his claim.").

Construing the facts pleaded by the plaintiff as true under Fed. R. Civ. P. 12(b)(6), the Court must presume that plaintiff exhausted the administrative remedies available to him pursuant to the complaint.

## **CONCLUSION**

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's first amended complaint on all grounds raised.

**IT IS SO ORDERED.**

**DATED: May 14, 2007**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
